Lewis, J.
The relator is a resident of the city of Buffalo, and, as an attorney, represents the” Citizens Reform Association, an organization composed of citizens of Buffalo, who have associated themselves together for the purpose of *204 enforcing the laws, and especially with a view of restraining within legal bounds the traffic in liquor, within the city of Buffalo.
The respondents, Philip Becker, Michael Newell, and Isaac 0. Crissey, compose the board of excise commissioners of the city, and as such, are epapowered .to-gmnhlicenses to sell strong and spirituous liquors and beer in Buffalo; and are empowered and it is their duty to see that persons so licensed conform to the law governing the sale of liquor, and in case that charges are properly made that' their licensees have failed to conform to the law, it is their duty to investigate, and, if satisfied that the charges are true, revoke the licenses thus granted.
The relator’s affidavits allege, that Mr. Dewitt C. Baker, as an agent of the Citizens Reform Association, presented to the respondents at various times, from the 7th day of June, 1886, to to the 31st day of September, 1886, inclusive, some seventy-five charges against persons licensed by. the respondents, to sell liquor and beer, for keeping their saloons open on Sunday and selling beer on that day, that the respondents have been at various times requested to investigate these charges and have neglected ana refused so to do, except that they have investigated three of the charges, but that they have unreasonably neglected to decide the cases thus investigated. They further charge that respondents have had ample time to examine and try these charges since they were made, or that at least, Commissioners Newell and Crissey have had time, and that their failure to-take up the cases and decide them, is because of an indisposition on the part of the respondents to try charges against their licensees for keeping their saloons open and selling beer on the Sabbath.
The respondents’ affidavits tend to controvert many of the allegations in the moving affidavits. They take issue upon the claim that they had time to try the charges and enumerate the many duties they were required to perform as police and excise commissioners. ' And allege, that much of their time has been occupied in managing the affairs of the police department, granting licenses, etc., and that many charges against saloon keepers have been made to them by other citizens besides Mr. Baker, that they have tried these charges rather than those made by Baker, because they understood that he obtained the evidence upon which he based his charges by entering saloons in the outskirts of the city on Sundays through the back doors and purchasing beer, thereby inducing the proprietors to violate the law, and for the further reason that they have heretofore examined cases presented by Mr. Baker and his testimony was contradicted by good citizens, and they were compelled to- *205 disbelieve his evidence; and for the further reason that he is employed ‘by the Citizens Reform Association upon a salary to detect violations of the excise law; and that they consider it more important that they should see that the saloon keepers keep orderly places and do not sell to drunkards, or to minors, than the duty of investigating charges made by a . person hired as a detective, with none but a pecuniary interest in the cases. That they have attended to all their other duties as police and excise commissioners, and have tried such of the complaints made by Baker as they have had time for, and intend as soon as they can spare time from their other official duties to inquire into the complaints left with the clerk by Mr. Baker. Their affidavits further state that no complaints have been made by Mr. Baker to the respondents, but that he has left the charges with their clerk, and .that the clerk failed to call their attention to them.
The respondents’ affidavits must be held to put in issue the allegation that they have had time to hear Mr. Baker’s charges. I am not informed as to the character of the charges made by the other citizens against the other saloon keepers which ■ have been given the preference by the respondents. Many of the respondents’ duties as excise commissioners are of a judicial character, and require the exercise of discretion. They would be justified, to a reasonable extent, in giving preference to matters which, in their judgment, are of immediate vital importance to the welfare of the citizens. But while they have a right to exercise a degree of discretion as to the order and time of the trial of cases coming under their jurisdiction they have no right to arbitrarily refuse to try a class of cases presented because they question the propriety of enforcing the law involved therein. So long as a law exists it should be fearlessly and impartially enforced, no matter what may be the private views or prejudices of the magistrate called upon to enforce it, as to the propriety of the law. Judicial officers are not infrequently required to adjudicate upon laws to which they are opposed; laws ' they would have voted against, had they been members of the legislature when they were passed. But while they consent to retain office they should enforce the laws, however unpleasant the duty may be, and the motives or character of the complainant should have very little to do with the decision of the case. If the evidence produced satisfies the commissioners that the charges are true the license should be revoked, even though the complainant’s character and motives are not above reproach, and even if the witnesses obtain their knowledge by entering the saloons through the back doors and purchasing the liquor with the *206 intention of prefering complaints. The persistent refusal of Commissioner Crissy to act in the absence of the mayor, and his apparent fear that ‘saloon keepers may, by some detective, be led into a technical violation of the excise law, for the sole purpose of getting cases against them,” tend to excite a suspicion that a want of time is not the only reason the charges preferred by Mr. Baker are untried. The duties of the mayor are exacting and multifarious, and it is not surprising that he finds some difficulty in devoting the time it would require to be present at the trial of all these charges. The act creating the board, provides that two of the commissioners shall constitute a quorum, evidently intending that the duty of disposing of such charges would mainly devolve upon the two commissioners. It is not at all probable that any questions of fact will arise upon the trials which two competent commissioners will not be able to decide.
The relator is not entitled to a peremptory mandamus if a material issue of fact is raised by the affidavits. Code of Civil Procedure, § 2070.
When the right to a writ depends upon disputed questions of fact, then an alternative writ is the proper remedy. Section 2083, Code of Civil Procedure.
Where, upon a motion for a mandamus, opposing affidavits are read which conflict with the averments in the moving affidavits, and notwithstanding this the relator demands a peremptory writ, it is equivalent to a demurrer, and the question as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true. The People v. The Portchester Savings Bank, 102 N. Y., 477.
The relator has made a case entitling him to an alternative mandamus to be directed to the respondents, as excise commissioners of Buffalo, directing them to proceed with the hearing and decision of the charges preferred by Mr. Baker, mentioned in the moving papers.